NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**MICH & MICH TGR, INC., A CORPORATION OF DELAWARE,**
*Plaintiff-Appellant*

**v.**

**BRAZABRA CORPORATION, A CORPORATION OF MASSACHUSETTS,**
*Defendant-Appellee*

---

2016-1057

---

Appeal from the United States District Court for the Eastern District of New York in No. 2:14-cv-05758-KAM-AKT, Judge Kiyo A. Matsumoto.

---

Decided: August 11, 2016

---

GERARD F. DUNNE, Law Office of Gerard F. Dunne, P.C., New York, NY, argued for plaintiff-appellant.

MILTON SPRINGUT, Springut Law PC, New York, NY, argued for defendant-appellee.

---

Before LOURIE, DYK, and STOLL, *Circuit Judges.*

STOLL, *Circuit Judge*.

Mich & Mich TGR, Inc. appeals the United States District Court for the Eastern District of New York's grant of summary judgment finding that Brazabra Corp.'s accused bra strap retainer does not infringe the asserted claims of U.S. Patent No. RE 43,766. *Mich & Mich TGR, Inc. v. Brazabra Corp.* (*Summary Judgment Order*), 128 F. Supp. 3d 621 (E.D.N.Y. 2015). For the reasons below, we affirm.

## BACKGROUND

The '766 patent is directed to a bra strap retainer to prevent straps from slipping off of shoulders, and methods of using the same. The specification explains that "[t]he inventive device includes a retaining member having an elongate main portion and opposite end portions which are adapted to keep straps of a bra on a user's back in proximate relationship to one another." '766 patent col. 1 ll. 36–40. An embodiment of the claimed bra strap retainer, with elongate main portion 11 and end portions 12 and 13, is depicted in Figure 2 below:



FIG. 2

'766 patent Fig. 2.  Claim 12, the only claim at issue in this appeal, recites:

> 12. A method of preventing the slippage of bra straps off of the shoulders of a person wearing a bra, comprising:
>
> providing a bra strap retainer comprising at least a pair of strap-retaining members positioned at opposite ends of the retainer, respectively, and an *elongated member* extending between the strap-retaining members;
>
> positioning the bra strap retainer in the back region of the person, between the straps of a bra being worn by the person;
>
> placing a first bra strap into a retained position by placing the strap in a first pair of slots located between the strap-retaining members and the elongated member; and
>
> placing a second bra strap into a retained position by placing the strap in a second pair of slots located between the strap-retaining members and the elongated member;
>
> wherein the bra strap retainer brings the first and second straps in close proximity with each other in a location on the person's back, thereby preventing the straps from slipping off the person's shoulder.

'766 patent col. 6 ll. 37–56 (emphasis added).

Mich & Mich brought a patent infringement suit against Brazabra, alleging that Brazabra's bra strap retainer infringes the '766 patent.  Brazabra's accused product is depicted below:



Figure 2: Accused Product

*Summary Judgment Order,* 128 F. Supp. 3d at 636. Mich & Mich asserted that the segments labeled "A1" to "A4" in the accused product together met the "elongated member" claim limitation. After construing "elongated member" as "a main structure that is longer than it is wide, and that extends continuously across the opposite ends of the apparatus without a substantial break or gap," the district court granted summary judgment of noninfringement with respect to the asserted claims of the '766 patent. *Id.* at 645, 657, 661.

Mich & Mich appeals, disputing the district court's construction of "elongated member" and asserting that the district court erred in granting summary judgment of noninfringement of claim 12 of the '766 patent. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(1).

DISCUSSION

"We review *de novo* the district court's grant of summary judgment of noninfringement." *PC Connector Sols. LLC v. SmartDisk Corp.*, 406 F.3d 1359, 1362 (Fed. Cir. 2005). Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56.

"Evaluation of summary judgment of noninfringement is a two-part inquiry: construing the claims and comparing the properly construed claims to the accused product." *Akzo Nobel Coatings, Inc. v. Dow Chem. Co.*, 811 F.3d 1334, 1339 (Fed. Cir. 2016). "The ultimate construction of the claim is a legal question and, therefore, is reviewed de novo." *Info-Hold, Inc. v. Applied Media Techs. Corp.*, 783 F.3d 1262, 1265 (Fed. Cir. 2015). While subsidiary factual findings regarding extrinsic evidence are reviewed for clear error, we review a claim construction based solely upon intrinsic evidence de novo. *Teva Pharm. USA, Inc. v. Sandoz, Inc.*, 135 S. Ct. 831, 841 (2015). Because the district court considered only intrinsic evidence in construing the disputed claim term here, our review is de novo. "Infringement, whether literal or under the doctrine of equivalents, is a question of fact. As such, it is amenable to summary judgment when no reasonable factfinder could find that the accused product contains every claim limitation or its equivalent." *Akzo*, 811 F.3d at 1339 (internal citation omitted).

I. Claim Construction

The district court construed the claim 12 limitation "elongated member" as "a main structure that is longer than it is wide, and that extends continuously across the opposite ends of the apparatus without a substantial break or gap." *Summary Judgment Order*, 128 F. Supp. 3d at 639. Mich & Mich does not dispute that the "elon-

gated member" must be longer than it is wide, but argues that the district court improperly imported requirements that the "elongated member" be the "main structure" of the apparatus and "extend[] continuously across the opposite ends of the apparatus." We disagree and adopt the district court's construction.

The term "elongated member" does not appear in the specification, but was added to claim 12 during prosecution of the reissue application to overcome a written description rejection and an indefiniteness rejection. In adding this claim term, the patentee stated that the original specification described the "elongated member." As the specification refers to only an "elongate main portion," depicted as segment 11 in Figures 2–4 of the '766 patent, the district court properly concluded that the '766 patent uses the terms "elongate main portion" and "elongated member" interchangeably. Moreover, in briefing to the district court, Mich & Mich described the "elongated member" as "a *main* central portion of the invention that is elongated." Joint Appendix ("J.A.") 372 (emphasis added). As such, we agree with the district court's inclusion of "main structure" in its construction of "elongated member."

Mich & Mich next argues that the "elongated member" need not extend continuously across the apparatus, asserting that the district court's construction imports limitations from dependent claims 13 and 15 into independent claim 12. To determine whether the "elongated member" must be continuous, we first examine the claims of the '766 patent, because "the claims themselves provide substantial guidance as to the meaning of particular claim terms." *Phillips v. AWH Corp.*, 415 F.3d 1303, 1314 (Fed. Cir. 2005) (en banc). The term "elongated member" first appears in independent claim 12, which describes the "elongated member" as "extending between the strap-retaining members" and requires the strap-retaining members be "positioned at opposite ends of the retainer."

'766 patent col. 6 ll. 40–42. In order to extend between the strap-retaining members, located at opposite ends of the retainer, the elongated member must be a continuous structure between the strap-retaining members. Mich & Mich points to nothing in the specification or prosecution history that suggests the "elongated member" can have a split or break. Instead, the specification only depicts the "elongated member" as a continuous structure, *see* '766 patent, Figures 2–4, and provides no description to the contrary.

The doctrine of claim differentiation does not dictate a different result here. Claim differentiation "only creates a presumption that each claim in a patent has a different scope; it is not a 'hard and fast' rule of construction." *Bristol-Myers Squibb Co. v. Ben Venue Labs., Inc.*, 246 F.3d 1368, 1376 (Fed. Cir. 2001) (citing *Comark Commc'ns, Inc. v. Harris Corp.*, 156 F.3d 1182, 1187 (Fed. Cir. 1998)). "[T]he doctrine of claim differentiation cannot broaden claims beyond their correct scope, determined in light of the specification and the prosecution history and any relevant extrinsic evidence." *Multiform Desiccants, Inc. v. Medzam, Ltd.*, 133 F.3d 1473, 1480 (Fed. Cir. 1998). As explained above, the language of claim 12 dictates that the "elongated member" extend continuously, and the additional limitations in claims 13 and 15 cannot broaden the scope of the "elongated member." We therefore adopt the district court's construction of "elongated member" as "a main structure that is longer than it is wide, and that extends continuously across the opposite ends of the apparatus without a substantial break or gap."

## II. Infringement

Mich & Mich concedes that if the "elongated member" must be continuous, Brazabra's bra strap retainer does not literally infringe claim 12. *See* Appellant's Reply Br. 3. Thus, because we adopt the district court's con-

struction that the "elongated member" extends continuously across the opposite ends of the apparatus, we affirm the district court's grant of summary judgment finding no literal infringement of claim 12.

Mich & Mich argues, however, that claim 12 is nonetheless infringed under the doctrine of equivalents. Brazabra counters that Mich & Mich waived this argument because it did not raise infringement of claim 12 under the doctrine of equivalents before the district court. We agree with Brazabra and find that Mich & Mich cannot assert infringement of claim 12 under the doctrine of equivalents on appeal. "If a litigant seeks to show error in a trial court's overlooking an argument, it must first present that argument to the trial court. In short, this court does not 'review' that which was not presented to the district court." *Sage Prods., Inc. v. Devon Indus., Inc.*, 126 F.3d 1420, 1426 (Fed. Cir. 1997). Before the district court, in its claim construction submission, Mich & Mich asserted only that "the accused Brazabra Clip infring[es] the asserted claims 1, 3, 5, 6, and 8 under the 'doctrine of equivalents.'" J.A. 272. And in Mich & Mich's opposition to Brazabra's motion for summary judgment, it reiterated that "[t]he accused Brazabra Clip infringes the asserted claims 1, 3, 5, 6, and 8 under the 'doctrine of equivalents.'" J.A. 375. Mich & Mich does not point us to any place in the record where it asserted before the district court infringement of claim 12 under the doctrine of equivalents. As such, we find that Mich & Mich waived this issue and is precluded from raising it on appeal.

## CONCLUSION

Accordingly, because the district court correctly construed the claim limitation "elongated member" and because Mich & Mich waived any argument that claim 12 is infringed under the doctrine of equivalents, we affirm the district court's grant of summary judgment of nonin-

fringement with respect to claim 12.  We decline to award fees under 35 U.S.C. § 285 as requested by Brazabra.

**AFFIRMED**